Filed 7/21/26  Bueno v. LeMoyne CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| REBECCA DIANE BUENO, | B339907 |
| Respondent, | (Los Angeles County Super. Ct. No. 24STRO02273) |
| v. | |
| CEDRIC LeMOYNE, | |
| Appellant. | |

APPEAL from order of the Superior Court of the County of Los Angeles, Michael R. Powell, Judge.  Affirmed.

Schonbuch Hallissy, Michael Schonbuch and Abigail E. Morelli, for Appellant.

Law Offices of Jonathan Reza and Jonathan Reza for Respondent.

Cedric LeMoyne and Rebecca Bueno sought domestic violence restraining orders (DVRO) against one another pursuant to the Domestic Violence Prevention Act (DVPA; Fam. Code, § 6200 et seq.).[1]  The family court granted both petitions. LeMoyne appeals from the DVRO against him.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2024, the family court conducted an evidentiary hearing on petitions for DVROs that LeMoyne and Bueno filed against each other.

The parties began a relationship in early 2023, and LeMoyne ended it in early 2024.  LeMoyne presented evidence that Bueno harassed him, damaged his car, and sought a friend's help to find someone to physically harm him.  Bueno testified that LeMoyne physically abused her by infecting her with the herpes simplex-1 virus (HSV-1) during their relationship.

The family court found that both parties engaged in abuse, granted both petitions, and issued mutual three-year DVROs. LeMoyne appeals from the order granting Bueno's petition.

## DISCUSSION

On appeal, LeMoyne contends the abuse finding against him was not supported by substantial evidence, and even if there were such evidence, the DVRO was "moot" because it could not prevent recurrence of the abuse.

We review the grant of a DVRO for abuse of discretion.  In reviewing the trial court's factual findings, we examine whether

---

[1]  Undesignated statutory references in this opinion are to the Family Code, and undesignated references to rules are to the California Rules of Court.

they are supported by substantial evidence, and we do not assess whether different findings could have been made. (*M.S. v. A.S.* (2022) 76 Cal.App.5th 1139, 1143–1144.) We accept as true all evidence tending to establish the correctness of the findings and resolve every conflict in favor of the order. (*Id.* at p. 1144.)

## A.     Deficient Appellate Record

As a preliminary matter, we note our review of the DVRO is impeded by a deficient appellate record. LeMoyne elected to proceed on a record consisting of a reporter's transcript and appendix but never filed an appendix. We lack the parties' petitions, declarations and exhibits, and Bueno's response to LeMoyne's petition. Though we will address LeMoyne's arguments, the family court's order can be affirmed on the basis that LeMoyne has failed to meet his burden of providing a record allowing review of the complete basis for the family court's decision. (See *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [record inadequate to permit review of order granting motion where record did not include motion, opposition, or order]; rules 8.120(a)(1), 8.124(b)(1)(B) [appendix must contain all items "necessary for proper consideration of the issues"].)

## B.    LeMoyne's Arguments

Turning to the merits, LeMoyne contends insufficient evidence supported the finding that he knowingly transmitted HSV-1 to Bueno, as no medical evidence was offered to prove she was infected. We disagree. Bueno testified that the parties became intimate beginning in February 2023, and she had no other sexual partners at the time. LeMoyne admitted that he

3

contracted HSV-1 before March 2023 but did not disclose his condition until after Bueno informed him of her diagnosis.[2] Bueno experienced her first HSV-1 outbreak in late April 2023, and when she went to urgent care for medical attention, blood and culture tests indicated she had the virus. This evidence permitted the reasonable inference that LeMoyne knew he was carrying HSV-1, hid this fact from Bueno, and infected her.

LeMoyne's mootness argument rests on his contention that a DVRO may issue to "prevent a recurrence of abuse" (boldface omitted), but in this case, the DVRO "cannot prevent the recurrence of the transmission of an STD with which [Bueno] has already been diagnosed." This argument is forfeited, as LeMoyne did not raise it in the family court. (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 785.)

Even if not forfeited, the argument is unpersuasive. The DVPA authorizes a court to issue an order to restrain any person for the purpose of preventing acts of domestic violence and abuse upon "reasonable proof of a past act or acts of abuse." (§§ 6300, subd. (a), 6220.) "'[A]buse'" may be behavior that "could be enjoined pursuant to Section 6320" (§ 6203, subd. (a)(4)), and such behavior includes "battering" and "disturbing the peace of the other party." (§ 6320, subd. (a).) "'[D]isturbing the peace of the other party' refers to conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party." (§ 6320, subd. (c).)

---

[2] LeMoyne does not mention this admission in his appellate brief, incorrectly arguing that the "only" evidence concerning Bueno's infection was her own testimony. Failure to acknowledge this evidence also forfeits LeMoyne's substantial evidence challenge. (*Kim v. TWA Construction, Inc.* (2022) 78 Cal.App.5th 808, 838.)

LeMoyne's knowing transmission of HSV-1 to Bueno was a past act of "battering" that disturbed her peace.  (See *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 525 [a person who knows he has herpes and fails to disclose that fact may be liable for transmitting the disease to a sexual partner on a theory of battery or intentional infliction of emotional distress].)  The family court was within its discretion to grant Bueno's petition.  LeMoyne's mootness argument does not persuade us otherwise, as the DVPA does not require a petitioner seeking a DVRO to show a probability of future abuse.  (*R.R. v. C.R. (*2026) 117 Cal.App.5th 1262, 1275.)

## DISPOSITION

The DVRO is affirmed.  Bueno shall recover her costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MORI, J.

We concur:

ZUKIN, P. J.

TAMZARIAN, J.